### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION



**HATTIE DOUGLAS, INDIVIDUALLY AND AS THE NATURAL
MOTHER, NEXT FRIEND AND ON BEHALF OF ALL OF THE
HEIRS AT LAW AND WRONGFUL DEATH BENEFICIARIES
OF KA. D., A DECEASED MINOR, AND AS THE NATURAL
MOTHER AND NEXT FRIEND OF KEL. D. , A MINOR, KEN. D.,
A MINOR, L. D., A MINOR, T. D., A MINOR, AND J. D.,
A MINOR**                                                                **PLAINTIFFS**

**V.**                                                     **CAUSE NO.:** 3:12CV 203 HTW-LRA

**MISSISSIPPI CRIME LABORATORY; MISSISSIPPI
STATE MEDICAL EXAMINERS; EXPERTOX INC.
ANALYTICAL LABORATORY; MEDSCREENS, INC.;
DR. STEVEN HAYNE, IN HIS OFFICIAL AND PERSONAL
CAPACITIES; MADISON COUNTY, MISSISSIPPI,
KELLY EDGAR, IN HIS OFFICIAL AND PERSONAL
CAPACITIES; AND JOHN DOES 1-10**                         **DEFENDANTS**

---

### COMPLAINT
### (JURY TRIAL REQUESTED)

---

COMES NOW the Plaintiffs, Hattie Douglas, Individually and as the Natural
Mother, Next Friend and on behalf of all of the Heirs at Law and Wrongful Death
Beneficiaries of Ka. D., a Deceased Minor, and as the Natural Mother and Next Friend of
Kel. D., a minor, Ken. D., a minor, L. D., a minor, T. D., a minor, and J. D., a minor
(collectively referenced as "Plaintiffs") and files this Complaint against the Defendants
Mississippi Crime Laboratory; Mississippi State Medical Examiners; Expertox Inc.
Analytical Laboratory; MedScreens, Inc.; Dr. Steven Hayne, in his official and personal
capacities; Madison County, Mississippi; Kelly Edgar, in his official and personal
capacities; and John Does 1-10 (collectively referenced as "Defendants").  In support
thereof, Plaintiffs would show unto this Honorable Court the following:

## I.

## **JURISDICTION AND VENUE**

1.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the Constitution, laws, or treaties of the United States.

2.     This Honorable Court has pendent jurisdiction to adjudicate the state claims that arose out of the same course of conduct giving rise to the principal claims of the Plaintiffs as herein stated, currently pending separately in the Circuit Courts of Rankin and Madison County, Mississippi.

3.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391 inasmuch as a substantial part of the counts giving rise to this claim occurred in Mississippi.

## II.

## **PARTIES**

4.     Plaintiff Hattie Douglas is an adult resident of Madison County, Mississippi whose address is 459 Barfield Street, Canton, Mississippi 39046.  Plaintiff brings this action in an individual capacity and in a representative capacity as the natural mother, next friend and on behalf of all of the Heirs at Law and Wrongful Death Beneficiaries of Ka. D., a Deceased Minor, Kel. D., a minor, Ken. D., a minor, L. D., a minor, T. D., a minor, and J. D., a minor.

5.     Defendant, Mississippi Crime Laboratory, is a creature of the State of Mississippi with its offices located at 1700 East Woodrow Wilson Avenue, Jackson, Mississippi 39216.  Mississippi Crime Laboratory is protected by the Mississippi Tort Claims Act and may be served with process through the Attorney General of the State of Mississippi pursuant to Rule 4(d)(5) of the Mississippi Rules of Civil Procedure.

6.      Defendant, Mississippi State Medical Examiners, is a creature of the State of Mississippi with its offices located at 1700 East Woodrow Wilson Avenue, Jackson, Mississippi 39216.  Mississippi State Medical Examiners is protected by the Mississippi Tort Claims Act and may be served with process through the Attorney General of the State of Mississippi pursuant to Rule 4(d)(5) of the Mississippi Rules of Civil Procedure.

7.      Defendant Expertox Inc. Analytical Laboratory (hereinafter "Expertox") is a Texas corporation doing business in the State of Mississippi, and may be served with process through its Chief Executive Officer at its offices located at 1803 Center Street, Suite A, Deer Park, Texas 77536.

8.      Defendant MedScreens Inc. (hereinafter "MedScreens") is a Mississippi corporation, and may be served with process through its Chief Executive Officer at its offices located at 720 Highway 80 East, Flowood, Mississippi 39232.

9.      Defendant Dr. Steven Hayne, upon information and belief is an adult resident citizen of Rankin County, Mississippi and may be served with process at 197 Interstate Dr., Richland, MS 39218.

10.     Defendant Madison County, Mississippi is a unit of government authorized under and by virtue of the laws of the State of Mississippi.  Madison County, Mississippi may be served with process through the president of the Madison County Board of Supervisors John Bell Crosby at 125 West North Street, Canton, MS 39046.

11.     Defendant Kelly Edgar, upon information and belief is an adult resident citizen of Madison County, Mississippi and may be served with process at 2941 U.S. Highway 51, Canton, MS 39046.

12.     Defendants, John Does 1-10 are other individuals, persons, corporations, partnerships, corporate persons or entities who may be liable for all or part of the negligible acts or omissions committed resulting in the subject incident which involved and resulted in the wrongful incarceration of Hattie Douglas and the removal of the minor children from their mother's custody and care, and in whom Plaintiffs may seek recovery of damages.

## FACTS

16.     On or about October 15, 2005, Ka.D., at the time an eleven (11) month old child, was presented to the Sunshine Medical Clinic with severe respiratory problems. Records indicate Ka.D. was treated by Dr. Lisa Hoehn.  Dr. Hoehn took no x-rays, and her physician's notes for the visit make no mention of any consideration and/or treatment of pneumonia and/or myocarditis.

17.     On or about December 17, 2005, Ka.D. once again presented to the Sunshine Medical Clinic with severe respiratory problems.  Records indicate Ka.D. was again treated by Dr. Lisa Hoehn.  As was the case with the previous visit, Dr. Hoehn took no x-rays, and her physician's notes for the visit make no mention of any consideration and/or treatment of pneumonia and/or myocarditis.

18.     On or about May 8, 2006, Ka.D., now eleven (11) months old, presented to the Sunshine Medical Clinic with severe respiratory problems for a third time. Records indicate Ka.D. was treated by Dr. Vibha Vig.  A physical examination of the infant revealed that the nose, mouth, pharynx and ears were abnormal.  Dr. Vig took no x-rays, and her physician's notes for the visit make no mention of any consideration and/or treatment of pneumonia and/or myocarditis.

19.     On May 11, 2006, Ka.D. passed away in his mother's arms.

20.     Following his death, Dr. Steven Hayne performed an autopsy on Ka. D.'s body.  According to Dr. Hayne's report, there was no sign of the presence of alcohol in the baby's body.  Blood and urine samples taken from Ka.D.'s body.  Although Dr. Hayne's report declares that vitreous fluid was taken from the child, no other samples of any kind were taken.

21.     On or about May 15, 2006, blood and urine samples of Ka.D. were received by MedScreens.  Ethanol and drug examinations of the specimens were requested.  A page with Dr. Hayne's name on the letterhead recommended that a vitreous fluid sample be submitted in addition to blood for alcohol analysis; however, there are no indications that vitreous fluid of Ka.D. was ever submitted for testing at any time.

22.     On or about May 16, 2006, MedScreens delivered all of Ka.D.' samples to Expertox; how and where the specimens were stored and maintained during that period is not discernible from the reports.

23.     On or about May 17, 2006, a death certificate was issued, stating the cause of death to be "rollover death/compression of chest." The manner of death was deemed to be accidental.

24.     On or about May 24, 2006, Expertox issued a report providing a blood alcohol content reading of 0.02g%.

25.     On or about May 31, 2006 and June 2, 2006, Expertox arbitrarily performed additional tests on the specimens, and reported results of a blood alcohol content reading of 0.04g%.  Expertox reported testing of the urine rendered a result of 0.4g%. The discrepancy between the first and subsequent tests has yet to be explained.

26.     On or about August 16, 2006, MedScreens sent a test request to STL labs in St. Louis; STL concluded that the blood sample it was provided was insufficient and contaminated.  STL also concluded that the urine test yielded a result of 0.4g%, but also showed the presence of Brompheniremine and Pseudoephedrine/Ephedrine.

27.     At some point, Kelly Edgar and the Madison County Sheriff's Office began an investigation into the death of Ka.D.

28.     Both Kelly Edgar and the Madison County Sheriff's Office recklessly disregarded the autopsy performed by Hayne and the initial blood alcohol content reading as well as other crucial evidence.

29.     Based upon Kelly Edgar's investigation and despite adamantly maintaining her innocence, Hattie Douglas was subsequently arrested by the Madison County Sheriff's Office and charged with the murder of Ka.D., her beloved son who had only months before died in her arms.

30.     Ms. Douglas had raised 5 other children in addition to Ka.D.: Kel. D., a minor, Ken. D., a minor, L. D., a minor, T. D., a minor, and J. D., a minor.  Ms. Douglas raised these children without a single report of abuse from the Mississippi Department of Human Services or any other child protective agency.

31.     Evidence from the prosecution revealed that the charge of murder against Hattie Douglas was ultimately based on phone calls made to local medical personnel after the state toxicology report was received.

32.     No Madison County authority looked into the medical history of the child or requested a detailed toxicology report from Expertox, which would have revealed the percentage discrepancies beginning eleven days after Ka.D.' death.

33.     On or about July 10, 2007, Dr. Leroy Riddick ruled the death of Ka.D. was due to interstitial pneumonia and myocarditis.

34.     As a result of the murder charge and her subsequent incarceration, the Mississippi Department of Human Services removed Ms. Douglas' five children from her custody and the custody of the children's natural father, Kevin Hamlin.

35.     After being wrongfully incarcerated for over a year and a half, on or about May 29, 2008, the murder charge against Hattie Douglas was nolle prossed.  Ms. Douglas was cleared of all wrongdoing in the death of her son.

36.     As a result of their act(s) and/or omission(s), Defendants collectively caused severe and permanent physical and emotional injuries to the Plaintiffs.

37.     The act(s) and/or omission(s) of the Defendants directly caused the wrongful incarceration of Hattie Douglas.  As a result of their act(s) and/or omission(s), Hattie Douglas was wrongfully held in prison for a year and a half of her life, her children were unjustly removed from her custody, and the opportunity to live a normal life, earn a living and care for her family was stolen from her.

38.     As a proximate cause of these Defendants' act(s) and/or omission(s), Hattie Douglas was forced to undergo traumatizing time in a state penitentiary, suffered unimaginable pain and suffering through losing custody and parental rights of her remaining five children, and experienced unimaginable embarrassment and public ridicule as a result of the ordeal.

## CLAIMS FOR RELIEF

### COUNT I - Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (General Allegations)

39.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

40.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the Constitution of the United States including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; and c) the right to be free from false arrest.

41.     In violating Plaintiffs' rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and contaminated blood samples, broke the chain of custody, and conducted an incomplete, careless and sloppy murder investigation.  These actions set into motion the chain of events that led to an illegal search and seizure, in violation of Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

42.     As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

43.     The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

**COUNT II - Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983**
**(Failure to Implement Appropriate Policies, Customs and Practices)**

44.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

45.     Defendants Mississippi Crime Laboratory, Mississippi State Medical Examiners, Expertox Inc. Analytical Laboratory, MedScreens, Inc., Dr. Steven Hayne, Madison County, Mississippi and Kelly Edgar, implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, failing to secure blood samples submitted to them and allowing for investigators of the Madison County Sheriff's Office to fabricate and present untruthful facts to the Court in such a way to cause inaccurate, fraudulent warrants to be issued against individuals.

46.     The failure of the Defendants to adequately train and supervise their agents/employees amounts to a deliberate indifference to the rights of the Plaintiffs to be free from unreasonable seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

47.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs as alleged herein of certain constitutionally protected rights including, but not limited to a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; and c) the right to be free from false arrest.

**ECONOMIC DAMAGES**

48.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

49.     As a result of the act(s) and/or omission(s) of these Defendants, Plaintiffs seek the recovery of any and all kinds of economic damages available under the law for the damages they have sustained.

## NON-ECONOMIC DAMAGES

50.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

51.     As a result of the act(s) and/or omission(s) of these Defendants, Plaintiffs seek recovery for certain non-economic damages which occurred as a result of the Defendants' negligent act(s) and/or omission(s); including, but not limited to: pain, suffering, inconvenience, mental anguish, worry, emotional distress, loss of society and companionship, loss of the enjoyment of life, embarrassment, public ridicule, hedonic damages and others.

## PUNITIVE / EXEMPLARY DAMAGES

52.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

53.     Pursuant to Miss. Code Ann. § 11-1-65, Plaintiffs seek punitive and/or exemplary damages against any and all defendants not covered under the Mississippi Tort Claims Act.

## RIGHT TO AMEND PURSUANT TO FED. R. CIV. P. 15

54.     Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiffs reserve the right to name additional defendants should later facts establish that others are liable herein.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that upon final trial hereof they be entitled to take, have and recover, of and from said Defendants the above damages, including actual, economic, non-economic, compensatory, exemplary, punitive, pre-judgment interest, post-judgment interest, costs of Court, and for such other and further relief to which they may show themselves to be justly entitled.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that the Defendants be cited to appear and answer and that upon final hearing, Plaintiffs have judgment of and from the Defendants, jointly and severally, for:

(1)     Past physical pain and mental suffering;

(2)     Future physical pain and mental suffering;

(3)     Past and future mental anguish;

(4)     Past necessary medical expenses;

(5)     Future necessary medical and other expenses that, in reasonable probability, will be sustained;

(6)     Past and future physical impairment;

(7)     Past and future loss of enjoyment and quality of life;

(8)     Actual, incidental and consequential damages;

(9)     Punitive and exemplary damages in an amount above the minimum jurisdictional limits of the court;

(10)    Pre-judgment interest at the maximum legal rate for all damages suffered;

(11)    Post-judgment interest at the maximum legal rate for all damage suffered;

(13)    Reasonable attorneys' fees and costs of court, and

(14)    For such other and further relief, at law or in equity, to which Plaintiffs

may show themselves justly entitled.

This the ___22nd___ day of March, 2012.

Respectfully submitted,

**HATTIE DOUGLAS, INDIVIDUALLY AND AS THE NATURAL MOTHER, NEXT FRIEND AND ON BEHALF OF ALL OF THE HEIRS AT LAW AND WRONGFUL DEATH BENEFICIARIES OF KA. D., A DECEASED MINOR, AND AS THE NATURAL MOTHER AND NEXT FRIEND OF KEL. D. , A MINOR, KEN. D., A MINOR, L. D., A MINOR, T. D., A MINOR, AND J. D., A MINOR**

By:  ___/s/ Thomas J. Bellinder___
        Thomas J. Bellinder

**Of Counsel:**

Dennis C. Sweet, III, MSB # 8105
Thomas J. Bellinder, MSB # 103115
SWEET & ASSOCIATES
158 E. Pascagoula St.
Jackson, MS  39201
601-965-8700 Telephone
601-965-8719 Fax

and

Latrice Westbrooks, MSB # 10771
THE LAW OFFICE OF LATRICE WESTBROOKS
5269 Keele St. Ste B (39206)
PO Box 14203
Jackson, Mississippi 39236-4203
Phone: (601) 982-7884
Fax:    (601) 982-7889