IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

HATTIE DOUGLAS                                                                                    PLAINTIFF

VS.                                                         CIVIL ACTION NO. 3:12cv203-HTW-MTP

MISSISSIPPI CRIME LABORATORY, *et al.*                                           DEFENDANTS

### REPORT AND RECOMMENDATION

THIS MATTER is before the court *sua sponte* upon the plaintiff's failure to serve process upon Defendant Dr. Steven Hayne (hereafter "Hayne") and to otherwise comply with the court's text order of August 1, 2012.  Having reviewed the entire record in this matter, the undersigned recommends that the claims asserted against Hayne be dismissed without prejudice.

### Procedural History

On or about March 22, 2012, plaintiff Hattie Douglas ("Douglas") filed this complaint against the defendants alleging violations of her civil rights.  By motion [15] filed July 11, 2012, Douglas requested an additional 120 days to serve Hayne and, by text order dated August 1, 2012, the court extended the time to serve Hayne until November 20, 2012.

A review of the docket reflects that Douglas did not have process served as required by the order and has not demonstrated any good cause for further delay.

Thus, nearly a year and a half after this case was filed and a year since the court issued its order extending the time to serve Hayne, Douglas has not served process on Hayne and has not demonstrated good cause to justify further delay.  Accordingly, the undersigned recommends that this matter be dismissed without prejudice as to Hayne.

### Legal Analysis

Rule 4 of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant...." Fed. R. Civ P.

4 (m).  As plaintiff has failed to serve process in compliance with the rule and by the deadline given by the court in its order extending the time for service, dismissal without prejudice is appropriate under Federal Rule of Civil Procedure 4 (m).

Additionally, pursuant to Federal Rule of Civil Procedure 41(b),[1] a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court.  *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 630 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998).  The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to...clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief...so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash,* 370 U.S.  at 629-31;  *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978)(discussing trial court's rule 41(b) discretionary authority).

## Recommendation

As the plaintiff has failed to serve process or to otherwise prosecute this case against Hayne, it is the recommendation of the undersigned that the claims asserted against Dr. Steven Hayne be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rules of Civil Procedure 41(b) and 4 (m).

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with

---

[1] "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 22nd day of August, 2013.

s/ Michael T. Parker
United States Magistrate Judge