**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**HATTIE DOUGLAS, individually and as the
Natural Mother, Next Friend and on behalf of
all of the Heirs at Law and Wrongful Death
Beneficiaries of Ka. D., a deceased minor, and
as the Natural Mother and Next Friend of
Kel. D., Ken. D., L.D., T.D., and J.D., minors**                    **PLAINTIFF**

**V.**                                                          **CASE NO. 3:12-CV-00203-HTW-MTP**

**MISSISSIPPI CRIME LABORATORY;
MISSISSIPPI STATE MEDICAL EXAMINERS;
EXPERTOX INC. ANALYTICAL LABORATORY;
MEDSCREENS, INC.; DR. STEVEN HAYNE;
MADISON COUNTY, MISSISSIPPI; KELLY EDGAR;
AND JOHN DOES 1-10**
                                                                **DEFENDANTS**

---

### REPORT AND RECOMMENDATIONS

Plaintiff Hattie Douglas filed this civil rights action pursuant to 42 U.S.C. § 1983 on behalf of herself, the wrongful death beneficiaries of Ka. D., and her minor children seeking recovery for damages they allegedly suffered during Douglas's wrongful incarceration for the death of her minor son, Ka. D.  The Defendants in this case seek dismissal and/ or summary judgment on the claims asserted against them.

Defendants Kelly Edgar ("Edgar"), a former deputy sheriff, and Madison County, Mississippi, move for summary judgment based on *inter alia* qualified immunity, failure to state a claim, and expiration of the statute of limitations.  The remaining Defendants move to dismiss the Plaintiffs' claims on related grounds.

In their respective motions, the Defendants essentially argue that the Plaintiffs have failed to state a viable claim under § 1983, that the minor savings clause under Miss. Code Ann.

§ 15-1-59 does not apply to toll the now-expired three-year statute of limitations, that sovereign immunity shields suits against the state agency defendants, and that Edgar is entitled to qualified immunity.  The Plaintiffs have responded in opposition and request that the Court allow discovery to proceed.  Having considered the motions, the case record, and the applicable law, the undersigned recommends that the complaint be dismissed, in part, but that the minor children be granted leave to file amended pleadings as set forth below.

I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The events giving rise to this lawsuit concern the death of Hattie Douglas's minor son, Ka. D., and the subsequent arrest of Ms. Douglas for Ka. D.'s murder.  The allegations in the complaint are summarized as follows.  On May 11, 2006, Ka. D. died at the age of eleven months.  Dr. Steven Hayne performed an autopsy on the decedent.  According to the autopsy report, there were no traces of alcohol in the child's body.  The decedent's blood and urine samples were sent to MedScreens and were later delivered to Expertox, Inc.  On or about May 17, 2006, Ka. D.'s death certificate was issued, listing "rollover death/ compression of chest" as the cause of death.  Compl. [1] at 5.

However, on May 24, 2006, Expertox issued a report indicating that alcohol was found in the decedent's blood.  Expertox performed additional tests which showed that alcohol was in the decedent's blood and urine.  Thereafter, another lab tested the samples and found alcohol in the decedent's urine, but determined that the blood sample had been contaminated.

Upon learning the test results, the Madison County Sheriff's Office and former Madison County Deputy Sheriff Kelly Edgar began an investigation into Ka. D.'s death.  On August 12,

2006, police arrested Hattie Douglas for the murder of her infant son.[1]  In addition to Ka. D., Douglas has five other minor children: Kel. D., Ken. D., L. D., T. D., and J. D. (collectively, the "minor children" or "minor plaintiffs").  Following her arrest and murder charge, the Mississippi Department of Human Services removed the minor plaintiffs from Douglas's custody.

On or about July 10, 2007, a doctor ruled that Ka. D.'s death was due to interstitial pneumonia and myocarditis.  Douglas, however, remained incarcerated until May 29, 2008, when the murder charge against her was dropped and she was cleared of all wrongdoing in the death of Ka. D.

A.      Plaintiffs' State Court Lawsuit

On April 6, 2009, Douglas and Kevin Hamlin, the father of her children, filed a medical negligence and wrongful incarceration lawsuit in the Circuit Court for the First Judicial District of Hinds County, Mississippi.  Douglas sued on behalf of herself as well as the wrongful death beneficiaries of Ka. D., and Hamlin sued on behalf of Ka. D. and the minor plaintiffs.  The defendants in the case were the medical clinic and doctor who treated Ka. D. prior to his death, Mississippi Crime Laboratory, Mississippi State Medical Examiners,[2] Expertox, Medscreens, and Dr. Steven Hayne in his official and personal capacities.  The plaintiffs alleged that the defendants' acts and omissions caused the death of Ka. D. and the wrongful incarceration of Hattie Douglas.  The claims stated in the state court complaint were reckless disregard for the

---

[1]An exact date of Douglas's arrest is not provided in the pleadings; however, according to a letter sent by the Plaintiffs' attorney, which has been made a part of the record in this case, Douglas was incarcerated on August 12, 2006.  Doc. [5-4] at 2, 4.

[2]In its filings, the Mississippi State Medical Examiners identifies itself as the "Mississippi State Medical Examiner's Office."  *See* Mot. [4] and [24].  For consistency purposes, however, the undersigned will refer to this defendant as named by the Plaintiffs, "Mississippi State Medical Examiners."

rights and safety of the plaintiffs, medical negligence, negligent hiring/ retention/ supervision/ control, gross negligence, res ipsa loquitur, and respondeat superior. No federal law claims were raised in the complaint.

On October 24, 2011, the Hinds County Circuit Court entered an order severing the plaintiffs' claims and transferring them to other Mississippi state courts. Doc. [5-3]. The medical negligence recovery and negligent hiring claims against the medical clinic and doctors who treated Ka. D. prior to his death were transferred to the Circuit Court of Madison County. The wrongful incarceration claims against the Mississippi Crime Lab, Mississippi State Medical Examiners, Expertox, Medscreens, and Dr. Hayne were transferred to the Circuit Court of Rankin County.

On January 18, 2013, the Circuit Court of Rankin County dismissed the plaintiffs' complaint as to Medscreens and Expertox. Doc. [44-2]. The state court found that the plaintiffs failed to state a claim against these defendants and that the plaintiffs' complaint had not been timely filed.[3] The plaintiffs appealed the trial court's decision, but the Mississippi Supreme Court dismissed their appeal for failure to pay costs. Doc. [44-3]. A mandate was issued on April 18, 2013, certifying the Mississippi Supreme Court's dismissal of the plaintiffs' appeal. Doc. [44-4]. Based on the evidence in the record, it appears that the state court case remains pending as to the claims against Mississippi Crime Lab, Mississippi State Medical Examiners, and Dr. Hayne.

---

[3]Although the plaintiffs asserted negligence in their complaint, the court found that the lawsuit sought recovery for intentional torts. In dismissing the claims, the court stated, "the action is in essence one to recover for one or more intentional torts. The statute of limitations for intentional torts expired before the Plaintiffs' [sic] filed suit against Defendants. Accordingly, Plaintiffs' [sic] claims against Defendants are time-barred." Doc. [44-2] at 2.

B.     Federal Lawsuit

On March 22, 2012, Hattie Douglas filed this civil action pursuant to 42 U.S.C. § 1983 on behalf of herself, her minor children, and the wrongful death beneficiaries of Ka. D.  The Plaintiffs assert that their constitutional rights to due process, to be free from unreasonable searches and seizures, and to be free from false arrests under the Fourth and Fourteenth Amendments have been violated.  They seek economic, non-economic, and punitive/ exemplary damages.  Since the Plaintiffs' claims are brought under § 1983, this Court has jurisdiction over the complaint based on a federal question.  *See* 28 U.S.C. § 1331.

The Defendants in this case are: Mississippi Crime Laboratory; Mississippi State Medical Examiners; Expertox Inc. Analytical Laboratory; Medscreens, Inc.; Dr. Steven Hayne in his official and personal capacities; Madison County, Mississippi; and Kelly Edgar in his official and personal capacities.  Although Dr. Hayne is named as a defendant, the Plaintiffs failed to serve him with process.  By separate Report and Recommendation, the undersigned recommended that Dr. Hayne be dismissed from the case.[4]  The recommendation was adopted by the District Judge, and Dr. Hayne has been dismissed from this matter.[5]

The remaining defendants have moved for dispositive relief.  On July 2, 2012, Medscreens filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Similarly, on July 9, 2012, Expertox moved to dismiss the case for failure to state a claim.  On July 16, 2012, Mississippi Crime Lab and Mississippi State Medical Examiners moved to

---

[4]Notwithstanding any failure to serve, the Plaintiffs did not state a claim against or otherwise allege any wrongdoing on the part of Dr. Hayne.  In essence, the Plaintiffs assert that Dr. Hayne prepared an autopsy report and the remaining Defendants failed to rely on that report. The Plaintiffs do not claim that the report was erroneous or that Dr. Hayne improperly performed the autopsy on the decedent.

[5]*See* Order [49].

dismiss under Rule 12(b) and based on their Eleventh Amendment immunity.  By Order [28] dated July 18, 2012, discovery in this case was stayed pending resolution of the immunity question.  On July 30, 2012, Edgar and Madison County moved for summary judgment on various grounds.  Edgar raises a qualified immunity defense as to the claims brought against him in his individual capacity.  Finally, on May 2, 2013, Expertox moved to supplement its claims to raise a *res judicata* defense.  The motions have been fully briefed and are ripe for a ruling.

## II.   LEGAL AUTHORITY

### A.   Standard for Summary Judgment

Summary judgment should be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  When ruling on summary judgment, courts must review all evidence and draw all reasonable inferences in the nonmoving party's favor.  *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 391 (5th Cir. 2009).  The nonmoving party cannot rely on metaphysical doubt, conclusive allegations, or unsubstantiated assertions but instead must show that there is an actual controversy warranting trial.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted).  In the absence of proof, courts should not assume that the nonmoving party could have proved the necessary facts.  *Paz,* 555 F.3d at 391.  "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988).

### B.   Rule 12(b)(6) Dismissal

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege sufficient facts that, taken as true, state a claim that is plausible on its face." *Amacker v. Renaissance Asset Mgmt. LLC,* 657 F.3d 252, 254 (5th Cir. 2011).  "To survive a motion to dismiss, a complaint

must contain . . . factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  The complaint "does not need detailed factual allegations," but the facts alleged must "raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007).

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). "While the district court must accept as true all factual allegations in the complaint, it need not resolve unclear questions of law in favor of the plaintiff."  *Kansa Reinsurance v. Congressional Mortg.*, 20 F.3d 1362, 1366 (5th Cir. 1994) (internal citations omitted).

C.     Statute of Limitations

The parties do not dispute that the statute of limitations for the Plaintiffs' § 1983 claims is three years.  "Because Congress has not specified a limitations period for section 1983 suits, in such cases 'federal courts borrow the forum state's general personal injury limitations period.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Piotrowski v. City of Houston,* 51 F.3d 512, 514 n. 5 (5th Cir. 1995)).  Under Mississippi law, the applicable limitations period is three years from the date the cause of action occurs.  Miss. Code Ann. § 15-1-49 ("All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after").

Just as federal courts adopt the forum state's limitations period for § 1983 claims, they must also adopt the forum's tolling principles.  *Walker v. Epps*, 550 F.3d 407, 415 (5th Cir. 2008) ("Just as we borrow the forum state's statute of limitations for § 1983 purposes, we

borrow also the state's tolling principles."). "Under federal law, a section 1983 action generally accrues when a plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999) (quoting *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir.1992)).

## III. DISCUSSION

### A. Hattie Douglas

There are three groups of plaintiffs in this case: Hattie Douglas, the wrongful death beneficiaries of Ka. D., and the minor children. Hattie Douglas was arrested for the murder of her infant son on or about August 12, 2006. The limitations period would have begun, at the earliest, when Douglas was arrested. Assuming *arguendo* that the cause of action did not accrue until her release, the latest date the limitations period could have begun was May 29, 2008, when the charges against Douglas were *nolle prossed*.[6] The Plaintiffs filed their complaint in this Court on March 22, 2012, three years and ten months after Douglas was cleared of all charges regarding the death of her infant son.

The Defendants argue that the § 1983 claims arising out of the wrongful arrest and incarceration of Hattie Douglas are time-barred by the applicable statute of limitations. *See* Doc. [32] at 3; Doc. [5-1] at 7; Doc. [11] at 2; Doc. [25] at 6. The Plaintiffs did not respond to this argument as it relates to claims brought by Douglas. They only argue that a statutory tolling

___

[6]In her concurring opinion to the holding in *Albright v. Oliver*, Justice Ginsburg stated that "[t]he time to file the § 1983 action should begin to run not at the start, but at the end of the episode in suit, *i.e.,* upon dismissal of the criminal charges...." 510 U.S. 266, 280, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994) (citing *McCune v. Grand Rapids*, 842 F.2d 903, 908 (6th Cir. 1988) (Guy, J., concurring in result) ("Where...innocence is what makes the state action wrongful, it makes little sense to require a federal suit to be filed until innocence or its equivalent is established by the termination of the state procedures in a manner favorable to the state criminal defendant.")).

provision applies to the claims of the minor children.  Once the Defendants demonstrated that the claims were time-barred, the burden shifted to the Plaintiffs to show that their claims were timely.[7]  The pleadings show that this lawsuit was filed more than three years after Hattie Douglas was released from jail.  The Plaintiffs do not raise a basis for tolling the statute of limitations on Douglas's claims.  As such, they fail to show that Douglas's personal claims are timely.  Based on the Plaintiffs' failure to meet their burden, the undersigned finds that any claims brought on behalf of Hattie Douglas should be dismissed with prejudice.

B.      The Wrongful Death Beneficiaries of Ka. D.

Although the wrongful death beneficiaries of Ka. D. are named as plaintiffs, no wrongful death claims have been asserted in this case.  A review of the complaint reveals that none of the Defendants in this matter came into contact with Ka. D. prior to his death.  Dr. Hayne performed an autopsy on the decedent.  Expertox and Medscreens tested Ka. D.'s blood alcohol content after his death.  Kelly Edgar and Madison County investigated the cause of his death.  The "wrongful death" Plaintiffs do not specify what role, if any, the Mississippi Crime Laboratory or the Mississippi State Medical Examiners could have played in Ka. D.'s death or in violating their

---

[7]The Plaintiffs bear the burden of proving that the statute of limitations is tolled. *See Archer v. Nissan Motor Acceptance Corp.,* 633 F. Supp. 2d 259, 265 (S.D. Miss. 2007) ("The burden is upon Plaintiffs to prove that the statute of limitations should be tolled."); *see also Hall v. Dillard,* 739 So. 2d 383, 387-388 (Miss. Ct. App. 1999) ("[W]hen a defendant pleads a statute of limitations as a defense and shows that the suit is thereby barred, he has met [his] burden of proof.  Where the plaintiff asserts that his case is not barred by the statute of limitations, the burden is on him to show some legal or equitable basis for avoiding such period of limitations."); *Gulf Nat'l Bank v. King,* 362 So. 2d 1253, 1255 (Miss. 1978) ("When a defendant pleads a statute of limitations as a defense and shows that the suit is barred by limitations, he has met his burden of proof.  If the plaintiff claims his suit is not barred by a statute of limitations because the statute was tolled..., the burden is on him...."); 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE, § 1357 at 714-21 (3d ed. 2004) ("[T]he inclusion of dates in the complaint indicating that the action is untimely renders it subject to dismissal for failure to state a claim.").

constitutional rights.  The only parties who were in contact with Ka. D. prior to his death are not named as defendants in this lawsuit.[8]  Therefore, the undersigned does not reach the issue of whether the wrongful death beneficiaries pursued their claims within the statutory time period.  Instead, the undersigned recommends that the wrongful death beneficiaries be dismissed as plaintiffs from this case because no wrongful death claims have been asserted, i.e., for failure to state a claim.

C.     The Minor Children

While the Defendants have filed separate dispositive motions, they each argue that the Plaintiffs have not stated a viable § 1983 claim against them or that they are entitled to immunity.  In determining whether the Plaintiffs have stated a claim, the Court must look to the facts alleged in the complaint.  The undersigned notes that there are three distinct groups of defendants: (1) the state agency defendants, Mississippi Crime Laboratory and Mississippi State Medical Examiners; (2) the private labs which tested the decedent's blood alcohol content, Medscreens and Expertox; and (3) the parties who investigated the decedent's death, Kelly Edgar and Madison County.  The undersigned will consider the allegations in the complaint and determine whether the minor children have stated a claim against these parties and whether certain parties are immune from suit.

I.     The State Agencies

The Plaintiffs do not allege any specific actions taken by the Mississippi Crime Laboratory or Mississippi State Medical Examiners which show that they violated the Plaintiffs' constitutional rights.  It is not clear from the complaint what role, if any, the state agency

---

[8]The Plaintiffs appear to have borrowed language from their state court complaint, which asserted wrongful death claims against the clinic and doctors who treated Ka. D. prior to his death.  *Compare* Compl. [1] *with* State Court Compl. [5-2].

defendants played in the wrongful incarceration of Hattie Douglas or in causing the minor children to be removed from her custody.  The only references in the complaint to the state agency defendants are that they acted in concert with the other Defendants "under color of state law and contaminated blood samples, broke the chain of custody, and conducted an incomplete, careless and sloppy murder investigation."  Compl. [1] at 8.  In addition, the Plaintiffs assert that all Defendants "adopted and implemented careless and reckless policies, customs, or practices" and failed "to adequately train and supervise their agents/employees."  Compl. [1] at 9.  Aside from these blanket assertions, the Plaintiffs do not provide any facts upon which this Court can ascertain that the state agency defendants may be liable under § 1983.

However, assuming *arguendo*, that there were sufficient facts in the complaint, the state agency defendants still could not be held liable because they are entitled to sovereign immunity under the Eleventh Amendment.  The Supreme Court has made clear "that in the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp.*, *v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984).  The Plaintiffs do not dispute that the Mississippi Crime Laboratory and Mississippi State Medical Examiners are state agencies or departments.[9]  Likewise, the Plaintiffs do not suggest that Mississippi has consented

_____

[9]The Plaintiffs do not directly address whether the state agency defendants are entitled to Eleventh Amendment Immunity.  Instead, the Plaintiffs' brief [36] in opposition to the motion to dismiss discusses how the Eleventh Amendment does not protect Dr. Hayne from being held personally liable in this case.  *See* Doc. [36] at 5 ("Clearly, Dr. Steven Hayne can be sued in his individual capacity.  The 11th Amendment does not bar suit against state officials in their individual capacities...").  The Plaintiffs argue that the exception set forth in *Ex parte Young*, 209 U.S. 123, 189 (1908), strips Dr. Hayne of his official power and prevents him from invoking the State's immunity.  Doc. [36] at 10.  In addition, the Plaintiffs argue that the Defendants, as medical examiners and licensed physicians, are entitled to immunity only if they comply in good faith with certain state statutes.  *Id.* at 7.  However, this argument does not relate to the state agency defendants and Dr. Hayne, the only medical examiner or physician defendant, was

to suit or that Congress has expressly waived sovereign immunity for § 1983 lawsuits.[10] Accordingly, the Mississippi Crime Laboratory and Mississippi State Medical Examiners are immune from civil liability and must be dismissed from this case.

ii.    The Private Labs

Medscreens and Expertox argue that the Plaintiffs have not stated a § 1983 claim against them because there are insufficient facts to show that the private lab defendants acted under color of law and because the Plaintiffs' claims are time-barred.  They further contend that the Plaintiffs should be denied leave to amend the complaint because an amendment would not save this "meritless suit from dismissal." Doc. [14] at 5; *see also* Doc. [27] at 1-2.  In the complaint, the Plaintiffs allege that the Defendants "contaminated blood samples, broke the chain of custody, and conducted an incomplete, careless and sloppy murder investigation." Compl. [1] at 8.  Nothing in the complaint suggests that the private lab defendants were involved in the "murder investigation."  From the complaint, it appears that Medscreens and Expertox were only involved in testing the decedent's blood alcohol content.

Should the District Judge adopt the foregoing analysis, the minor children will be the only remaining plaintiffs in this case.  However, it is not clear from the complaint what claims, if any, the minor children have or intend to assert against the private labs which performed tests on their deceased brother.

Medscreens and Expertox argue that any claims that could have arisen from the facts and

---

dismissed from this lawsuit.

[10]*See Quern v. Jordan*, 440 U.S. 332, 342, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979) ("But neither logic, the circumstances surrounding the adoption of the Fourteenth Amendment, nor the legislative history of the [Civil Rights Act] compels, or even warrants, a leap from this proposition to the conclusion that Congress intended by the general language of the Act to overturn the constitutionally guaranteed immunity of the several States.")

circumstances in this case are barred by the statute of limitations.  In response, the Plaintiffs

argue that their claims are not time-barred based on the minor savings clause found in Miss.

Code Ann. § 15-1-59.  The Plaintiffs further argue that the Court should not dismiss the

complaint without affording them "every opportunity . . . to state a claim upon which relief

might be granted."  Doc. [17] at 5.  While the Plaintiffs make this argument, they do not provide

a proposed amended complaint or state what new claims and/ or further clarification they would

provide in an amended complaint.[11]

    While leave to amend is freely given when justice so requires under Fed. R. Civ. P. 15(a),

"[t]he Supreme Court lists five considerations in determining whether to deny leave to amend a

complaint: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure

to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party

by virtue of the allowance of the amendment, [and] futility of the amendment . . . '" *Rozenweig*

*v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Foman v. Davis,* 371 U.S. 178, 182,

83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)); *see also Crostley v. Lamar Cnty, Texas*, 717 F.3d 410,

419 (5th Cir. 2013) ("[W]hile Rule 15(a) recommends that the court freely give leave to amend

---

[11]The Plaintiffs contend that "as a result of the Defendants' inaction, the Plaintiffs were
ripped from their homes and suffered unimaginable pain, anguish and embarrassment."  Doc.
[36] at 6.  Yet, the Plaintiffs fail to state with specificity what actions Expertox or Medscreens
took in "ripping" them from their homes.  Although they request leave to amend, the Plaintiffs
do not state what claims would be asserted or clarified in an amended complaint.  In response to
Edgar and Madison County's summary judgment motion, however, the Plaintiffs argue that if
discovery is allowed, it will reveal a pattern of discriminatory conduct and disparate treatment of
African-American death investigations.  *See* Doc. [34] at 4 ("If discovery is allowed to
commence, Plaintiffs will set forth proof that these Defendants set forth and followed through
with an investigation policy of treating African-American deaths as less important and
investigating minority deaths less vigorously.  The evidence will show that Defendants'
widespread policy of disparate treatment of African-American death investigations caused the
arrest of Hattie Douglas and the injuries sustained by the Plaintiffs.").  Because these claims do
not relate to wrongful conduct on the part of Medscreens or Expertox, allowing the Plaintiffs to
amend to add the discrimination claims would likely be futile with respect to the private labs.

when justice so requires, leave may nonetheless be denied for various reasons, including futility

of the amendment.") (internal citations and quotation marks omitted).  "A litigant's failure to

assert a claim as soon as he could have is properly a factor to be considered in deciding whether

to grant leave to amend.  Merely because a claim was not presented as promptly as possible,

however, does not vest the district court with authority to punish the litigant."  *Rosenweig*, 332

F.3d at 864 (quoting *Carson v. Polley,* 689 F.2d 562, 584 (5th Cir. 1982)).

As to the timeliness of this lawsuit, the Plaintiffs contend that the applicable limitations

period is tolled for the claims brought on behalf of the minor children because their "infancy has

not been removed."[12]  Doc. [17] at 8.  The statute upon which the Plaintiffs rely for tolling the

limitations period is found under Miss. Code Ann. § 15-1-59, and it states as follows:

> If any person entitled to bring any of the personal actions mentioned shall, at the
> time at which the cause of action accrued, be under the disability of infancy or
> unsoundness of mind, he may bring the actions within the times in this chapter
> respectively limited, after his disability shall be removed as provided by law.
> However, the saving in favor of persons under disability of unsoundness of mind
> shall never extend longer than twenty-one (21) years.

In considering whether the minor savings clause applies, Mississippi law provides that

the "existence of a person qualified to sue on behalf of all negates the need for a savings."

*Anderson v. R&D Foods*, Inc., 913 So. 2d 394, 399 (Miss. Ct. App. 2005) (discussing the minor

savings clause in the context of a wrongful death lawsuit).  The Defendants argue that because

the parents of the minor children filed a state court action on their behalf regarding Ka. D.'s

death and Douglas's incarceration, the minor savings clause does not apply in this case.

However, this argument presupposes that Miss. Code Ann. § 15-1-59 does not apply in this case

---

[12]In the Plaintiffs' memorandum opposing dismissal, they state that "Plaintiffs herein are
minor children whose infancy has not been removed as provided by Mississippi law; thus,
Defendants cannot prevail on their statute of limitations argument." Doc. [17] at 8.

merely because the parents of the minor children could have filed suit on their behalf within the original limitations period.

Mississippi case law does provide that the minor savings clause may sometimes be inapplicable in wrongful death actions.  This rationale is explained by the constraint under Mississippi law that only one wrongful death lawsuit may be brought.  Miss. Code. Ann. § 11-7-13 ("there shall be but one (1) suit for the same death which shall ensue for the benefit of all parties concerned").  No such limitation is placed on parties pursuing claims under § 1983.[13]

In *Curry v. Turner*, the Mississippi Supreme Court held that the minor savings clause did not toll the statute of limitations because the mother of the minor wrongful death beneficiaries could have and did commence a wrongful death action on behalf of the minor beneficiaries.  832 So. 2d 508, 517 (Miss. 2002).  "A common sense reading of the [Mississippi] wrongful death statute indicates the statute of limitations runs against both the personal representative of the deceased and the deceased's children." *Id*.  Accordingly, under Mississippi law, as long as there is a person authorized to sue on behalf of a minor during the limitations period, the wrongful death statute of limitations is not tolled by the minor savings clause. *See Anderson*, 913 So. 2d at

---

[13]No language appearing in § 1983 restricts parties to filing only one lawsuit.  Section 1983 states as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

399 (stating that because parents were qualified to sue on behalf of their minor children and
other wrongful death beneficiaries during the limitations period, the statute of limitations was not
tolled); *Johnson v. Med Express Ambulance Service, Inc.*, 565 F. Supp. 2d 699, 708-709 (S.D.
Miss. 2008) (finding that the minor savings clause applied to toll the minor plaintiffs' claims
because there was "no person *in esse* qualified (i.e., with standing) to bring the one wrongful
death action during the limitation period").

   However, in other cases, the Mississippi Supreme Court has found that the minor savings
clause tolls the limitations period for minors until they reach the age of majority even when a
lawsuit has been filed on behalf of the minor before his or her infancy is removed.  In *Pollard v.
Sherwin-Williams Co.*, a mother filed a lawsuit on behalf of herself and her minor son alleging
that her son suffered injuries from ingesting lead paint produced and sold by the defendant paint
company. 955 So. 2d 764, 767 (Miss. 2007).  The trial court found that the mother and son's
claims were barred by the statute of limitations and granted summary judgment to the paint
company.  *Id*.  The Mississippi Court of Appeals affirmed the trial court's ruling that the claims
were time-barred.  *Id*. at 768.  The plaintiffs then petitioned the Mississippi Supreme Court for
writ of certiorari and their petition was granted.  *Id*.  Upon consideration of the case, the
Mississippi Supreme Court reversed the trial court's ruling as to the minor child who was two
years old at the time his cause of action accrued.  *Id*. at 770.  The court found that because the
son "was a minor at the time his cause of action accrued, as well as at present, his claims are
tolled by the 'minor saving statute' and not barred by Miss. Code Ann. § 15-1-49."  *Id*. at 770.

   Similarly, in *Taylor v. General Motors Corp., et al.*, the Mississippi Supreme Court held
that the statute of limitations in an automobile accident case did not begin to run against a minor
until he reached the age of majority. 717 So. 2d 747, 747 (Miss. 1998).  In that case, a father and

his minor son were involved in an automobile accident.  Three days before the statute of limitations expired, the father filed suit on behalf of himself and his minor son.  *Id*.  Their case was ultimately dismissed with prejudice.  *Id*. at 748.  On appeal, the Mississippi Supreme Court affirmed the dismissal with prejudice as to the father's claims, but found that the minor son's claims should have been dismissed without prejudice based on the minor savings clause.  *Id*. at 750.  The court noted that the limitations period would not begin to run against the son until he reached the age of majority.  *Id*.

In the case before this Court, parties who may bring a lawsuit on behalf of the minor children exist, or are *in esse*.  Indeed, Hattie Douglas and Kevin Hamlin, the parents of the minor children, filed a lawsuit on the minors' behalf in state court regarding the same set of facts and circumstances from which the lawsuit in this Court arises.  However, Mississippi law appears to negate the minor savings clause only in wrongful death cases where there is a person *in esse* who can bring the lawsuit within the statutory time period.  Despite the inclusion of "wrongful death beneficiaries" as purported plaintiffs, the present matter is not a wrongful death lawsuit, but rather a civil rights lawsuit under § 1983.  The Defendants do not show that the existence of parties qualified to sue on behalf of the minor children (i.e., their parents) negates the need for a savings in this case.  Further, based on the Mississippi Supreme Court's rulings in *Pollard* and *Taylor*, the statute of limitations does not begin to run against the minor Plaintiffs until their infancy is removed.  In this regard, it appears that the minor savings clause applies in this case as to the claims of the minor children.  Thus, their claims may not be time-barred.

The analysis does not end there, however, as the Plaintiffs have failed to plead sufficient facts which show that Medscreens and/ or Expertox violated the rights of the minor children or otherwise acted under color of state law.  It is not clear from the pleadings what claims the *minor*

*children* may be intending to assert against these defendants or what rights, if any, they claim were violated or denied.  Accordingly, the motions filed by Medscreens and Expertox to dismiss the case for failure to state a claim should be granted.[14]

While a Rule 12(b)(6) dismissal is proper based on a failure to plead sufficient facts, the undersigned is of the opinion that the minor children should be afforded an opportunity to amend their complaint.  *See Tuma v. Jackson Mun. Airport Auth.*, No. 3:09-cv-517-DPJ-FKB, 2012 WL 1229133, at *2 (S.D. Miss. Apr. 10, 2012) ("Although a court may dismiss the claim it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so") (internal citations and quotation marks omitted).  The minor Plaintiffs should be granted 10 days to file an amended complaint.  The amended complaint shall state with specificity how each particular Defendant allegedly violated the constitutional rights of the minor children, which constitutional or other rights were violated, and when the alleged constitutional violations took place.  As the statute of limitations does not appear to bar the minor Plaintiffs' claims, the Court cannot conclude at this time that any amendment would necessarily be futile due to a time bar.

      iii.    The Investigators

As with the private lab defendants, the minor Plaintiffs fail to state a claim against Kelly Edgar and Madison County.  They do not provide sufficient facts to show how Edgar or Madison County may have violated the rights of the minor children.  They attempt to assert claims against

---

[14]The undersigned acknowledges the Defendants' argument that the case should be dismissed based on claim splitting under Mississippi law.  However, as the undersigned recommends amendment and it is not clear what claims will be asserted, the undersigned declines to address claim splitting at this time.  Likewise, the undersigned acknowledges Expertox's motion to supplement based on *res judicata*.  However, consideration of a *res judicata* defense should be deferred until it is clear what claims the Plaintiffs will assert in their amended complaint.

Edgar in his individual and official capacities.  According to the facts in the complaint, Edgar

and the Madison County Sheriff's Office investigated Ka. D.'s death and arrested Hattie

Douglas.  The complaint states that Edgar and the Madison County Sheriff's Officer "recklessly

disregarded the autopsy performed by Hayne and the initial blood alcohol content reading as

well as other crucial evidence."  Compl. [1] at 6.  It further states that no Madison County

authority looked into Ka. D.'s medical history or requested a detailed toxicology report from

Expertox.  *Id.*

 With respect to the individual capacity claims, the Defendants argue that Edgar is entitled

to qualified immunity.  The Plaintiffs do not respond to this argument, but assert that the Court

should deny summary judgment or defer its ruling on the motion so as to allow time for

discovery under Fed. R. Civ. P. 56(d).  The undersigned does not find any discovery to be

necessary to determine whether the pleadings state a claim that would overcome a qualified

immunity defense.  "One of the most salient benefits of qualified immunity is protection from

pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d

645, 648 (5th Cir. 2012).  Moreover an analysis of qualified immunity is "appropriate at the

summary judgment stage when (1) a plaintiff has established that the defendant has engaged in

the complained-of conduct, or (2) the court 'skip[s], for the moment, over...still-contested

matters to consider an issue that would moot their effect if proved.'" *Haverda v. Hays Cnty.*, 723

F.3d 586, 599 (5th Cir. 2013).  Allowing discovery would effectively moot the benefits of

qualified immunity if it applies in this case.  Therefore, the undersigned must address Edgar's

qualified immunity defense at this time.

 "The doctrine of qualified immunity protects government officials from civil damages

liability when their actions could reasonably have been believed to be legal." *Morgan v.*

*Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc). A plaintiff seeking to overcome qualified immunity must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, – U.S. – , 131 S. Ct. 2074, 2080, 179 L. Ed. 2d 1149 (2011) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)).

The Fifth Circuit provides that, under limited circumstances, a district court may defer its ruling on a qualified immunity motion "if further factual development is necessary to ascertain the availability of that defense." *Backe*, 691 F.3d at 648. To do so, however, the district court must first "find that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Id*. (internal citations and quotation marks omitted). "*After* the district court finds a plaintiff has so pled, if the court remains 'unable to rule on the immunity defense without further clarification of the facts,' it may issue a discovery order 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'" *Id*. (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987)).

Here, the undersigned finds that the Plaintiffs have not stated a claim against Edgar. Moreover, the Plaintiffs did not respond to the qualified immunity defense. Because the Plaintiffs fail to state a claim, their complaint does not contain facts which, if true, would overcome a qualified immunity defense. The complaint barely mentions the minor children. It states that the "Defendants collectively caused severe and permanent physical and emotional injuries to the Plaintiffs." Compl. [1] at 7. The rest of the allegations appear to relate to injuries allegedly suffered by Hattie Douglas, including the events which led to her arrest and incarceration. The minor children have not clearly stated a claim, much less alleged a violation of a clearly established right. Accordingly, the Plaintiffs fail to meet their burden. Edgar is,

therefore, shielded from personal liability in this lawsuit based on qualified immunity.  The claims asserted against him in his individual capacity should be dismissed.  *See Lytle v. Bexar Cnty., Texas*, 560 F.3d 404, 410 (5th Cir. 2009) ("If we determine that the alleged conduct did not violate a constitutional right, our inquiry ceases because there is no constitutional violation for which the government official could need qualified immunity."); *Pearson v. Callahan*, 555 U.S. 223, 232, 129 S. Ct. 808, 816, 172 L. Ed. 2d 565 (2009) (stating that one of the steps in analyzing qualified immunity is to "decide whether the facts that a plaintiff has alleged [Fed. R. Civ. P. 12(b)(6)] or shown [Fed. R. Civ. P. 50 or 56] make out a violation of a constitutional right."); *Hampton v. Oktibbeha Cnty. Sheriff Dep't*, 480 F.3d 358, 363 (5th Cir. 2007) ("If the plaintiff fails to state a constitutional claim or if the defendant's conduct was objectively reasonable under clearly established law, then the government official is entitled to qualified immunity.") (citations omitted).

Also in their motion, the Defendants assert that Madison County has absolute immunity from punitive damages for the claims brought against them under § 1983.  The Plaintiffs did not respond to this argument.  According to United States Supreme Court precedent, political subdivisions such as Madison County, Mississippi, are "immune from punitive damages under 42 U.S.C. § 1983."  *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981).  The Fifth Circuit also affords political subdivisions immunity from punitive damages under § 1983.  *See Webster v. City of Houston*, 689 F.2d 1220, 1229 (5th Cir. 1982) ("[W]hile a municipality may be subject to compensatory damages for violation of constitutional rights, it does not have to shoulder the burden of punitive damages.");  *Davis v. West Cmty. Hosp.,* 755 F.2d 455, 467 (5th Cir. 1985).  Accordingly, any claim against Madison County for punitive damages fails as a matter of law.  Since Madison County is immune from

punitive damages liability, the Defendants should be granted summary judgment on this issue.

The Defendants further assert that they are entitled to summary judgment in this case because the Plaintiffs are unable to establish that their injuries were caused by an unconstitutional policy, practice, or custom implemented by the Madison County Sheriff's Office.  Doc. [33] at 11.  The Defendants state that the Plaintiffs fail to refer to any unconstitutional policy, practice, or custom in the complaint.  While no specific policy is identified, the Plaintiffs allege in their complaint that Madison County and Edgar "implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included...failing to secure blood samples...and allowing [] investigators...to fabricate and present untruthful facts...to cause inaccurate, fraudulent warrants to be issued against individuals."  Compl. [1] at 9.  In addition, the Plaintiffs have asked for and should be granted an opportunity to amend the pleadings.  As such, the Court should defer its consideration of whether Madison County had an unconstitutional policy that was the moving force behind any alleged violation of the minor children's constitutional rights until the pleadings are amended.

As noted above, the Plaintiffs do not provide a sufficient factual basis upon which the minor children rely to sue Madison County or Edgar in his official capacity.  Although these Defendants move for summary judgment on the claims asserted against them, it is not clear what those claims are.  As such, there is a need for further clarification of the claims asserted against Madison County and Edgar in his official capacity.  The Plaintiffs should be given an opportunity to amend their complaint, and thereafter, the Court may be in a better position to determine whether the Defendants are entitled to judgment as a matter of law.

In light of the recommendation that the Plaintiffs be allowed to amend their pleadings, summary judgment as to Edgar and Madison County should be granted in part and denied in part

at this time.  The motion should be granted with respect to the claims against Edgar in his

individual capacity based on qualified immunity and the claims against Madison County for

punitive damages.  In all other respects, the motion should be denied without prejudice.  The

undersigned is mindful of the other grounds raised in the Defendants' motion,[15] but does not find

it appropriate to address those arguments until the pleadings are finalized.  After the amended

complaint is filed, Edgar and Madison County may renew the remainder of their motion for

summary judgment at the appropriate time.

RECOMMENDATIONS

In light of the foregoing analysis, the undersigned finds that the Mississippi Crime

Laboratory and the Mississippi State Medical Examiners are protected by the Eleventh

Amendment and should be dismissed from this lawsuit.  The undersigned also finds that because

no wrongful death claims have been asserted in this case, any claims brought on behalf of the

wrongful death beneficiaries of Ka. D. are improper and should be dismissed.  Further, the

claims brought on behalf of Hattie Douglas are barred by the statute of limitations.  Thus, the

only remaining plaintiffs in this case are the minor children whose claims, if any, remain unclear

at best.  In this regard, the undersigned recommends that:

1.      The Motion to Dismiss [24] on the basis of Eleventh Amendment Immunity be

        granted and that the Mississippi Crime Laboratory and the Mississippi State

        Medical Examiners be dismissed from this case with prejudice.  The claims

        against them should also be dismissed on the grounds that Hattie Douglas's

        claims are barred by the statute of limitations and that no claims are asserted by

_____

[15]For example, the Defendants argue in their various motions that the Plaintiffs have
engaged in improper "claim splitting."  It is unnecessary to address such an argument until the
pleadings are finalized.

the wrongful death beneficiaries.

2.     The Motions to Dismiss [5][10] filed by Medscreens and Expertox be granted, but
       that the minor Plaintiffs be granted leave to file an amended complaint within 10
       days.  If the minor Plaintiffs fail to file an amended complaint as set forth above
       within the recommended 10 days, this case should be finally dismissed as to these
       Defendants.  The recommendation that the minor Plaintiffs be granted leave to
       amend in no way implies or suggests that the remaining grounds for dismissal
       raised in the Defendants' Motions are not viable.

3.     In light of the recommendation that Expertox's Motion to Dismiss be granted, the
       Motion to Supplement [44] should be denied as moot.  The Motion to Supplement
       raises grounds of *res judicata*, which requires a comparison of the claims and
       allegations in this case to those in the state court lawsuit.  That comparison should
       be made after the pleadings are finalized.

4.     The Motion for Summary Judgment [32] filed by Edgar and Madison County be
       granted in part and denied in part.  The motion should be granted to the extent it
       seeks summary judgment as to the individual capacity claims against Edgar based
       on qualified immunity.  The motion should be further granted to the extent is
       seeks punitive damages against the County.  It should be denied without prejudice
       in all other respects and the minor Plaintiffs should be granted leave to amend the
       complaint against Madison County and Edgar in his official capacity within 10
       days.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules, any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 2nd day of October, 2013.

/s/**MICHAEL T. PARKER**
UNITED STATES MAGISTRATE JUDGE